No. 85-138

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

YOUNG MOTOR COMPANY,

       Employer,

  and

FEDERATED MUTUAL INSURANCE,

       Insurer,
       Petitioners and Respondents,

  -vs-

DIVISION OF WORKERS' COMPENSATION,
STATE OF MONTANA,

       Respondents and Appellants.

_____

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
            Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Steven J. Shapiro, Chief Legal Counsel, Workers' Comp.
        Division, Helena, Montana

    For Respondent:

        ~~Mike Greely, Attorney General, Helena, Montana~~
        Robert Carlson, Butte, Montana

_____

Submitted on Briefs: Sept. 12, 1985

Decided: December 5, 1985

Filed: **DEC - 5 1985**

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Montana Workers' Compensation Court relieving the insurer of liability to Rebecca Campbell Holmberg for the sum necessary to bring the total amount to which she is entitled to the sum she would have received without the reduction of benefits granted by the Social Security Act, and ordering the Workers' Compensation Division to assume liability for the benefits which no longer belong to the insurer. We affirm.

Raymond Campbell injured his back January 8, 1974, while working for his employer, Young Motor Company, in Anaconda, Montana. Surgery and physical therapy did not relieve the pain. He became depressed and drank alcohol for pain relief. In 1976 he worked for another employer. January 10, 1979, he committed suicide after his wife and children left him. The Workers' Compensation Court awarded benefits to the widow, Rebecca Campbell, now Rebecca Holmberg, finding a causal connection between Raymond's industrial injury in 1974 and his death in 1979. This Court affirmed in Campbell v. Young Motor Company and Federated Mutual Insurance (Mont. 1984), 684 P.2d 1101, 41 St.Rep. 1218. Following this decision, Federated Mutual Insurance advised the Division of Workers' Compensation (Division) of its position that the Division was liable to the beneficiaries for all past due and future benefits pursuant to § 92-704.2, R.C.M. (1947). The Division denied liability for these benefits. The insurer began paying past and present benefits September 25, 1984, and subsequently filed a petition for declaratory judgment seeking indemnification against the Division. The Division filed a motion to dismiss and the insurer then filed a motion for summary judgment. The motion to dismiss was denied, summary judgment was

granted, and the order above was issued. The Division appeals.

The Division raises three issues:

(1) Whether the Workers' Compensation Court erred in granting the insurer's motion for summary judgment?

(2) Whether the Workers' Compensation Court erred in finding the Division of Workers' Compensation liable for benefits to Rebecca Campbell Holmberg under § 92-704.2, R.C.M.?

(3) Whether the insurer's claim against the respondents should be dismissed as a violation of due process?

Summary judgment is granted when there are no issues of material fact to be decided in the case. Rule 56, M.R.Civ.P. and Hollinger v. McMichael (1978), 177 Mont. 144, 580 P.2d 927. The facts of this case have not changed since it was heard by the Court in Campbell v. Young Motor Company, supra. Because there is no issue of material fact, summary judgment properly was granted.

The outcome of the case turns on the construction of statutes and their applicability to the facts. The legal issue is whether § 92-704.2, R.C.M. (1947) (Chapter 20, Laws of 1974) applies in this case and requires the Division to indemnify the insurer for the benefits it paid to Raymond Campbell's beneficiaries. The Division argues this Court has held repeatedly it is not bound by the lower court's determination on legal issues, citing Solheim v. Tom Davis Ranch (Mont. 1984), 677 P.2d 1034, 41 St.Rep. 326; Carlson v. Cain (Mont. 1983), 664 P.2d 913, 40 St.Rep. 865; Sharp v. Hoerner Waldorf Co. (1978), 178 Mont. 419, 584 P.2d 1298. We agree. Our interpretation of the statutes and their application to the facts of this case is that of the Workers' Compensation Court. The statutes in effect on the date of the injury are controlling. Iverson v. Argonaut Insurance

3

Co. (1982), 198 Mont. 340, 645 P.2d 1366. The controlling statutes are § 92-704.2, R.C.M. (1947) and § 39-71-721(1), MCA.

In 1973, the Montana Legislature enacted Chapter 202, Laws of 1973, which provided for 100% offset of social security benefits against Workers' Compensation benefits to the beneficiaries of deceased workers. Chapter 202 provided in pertinent part:

> In cases where it is determined that periodic benefits granted by the Social Security Act, 42 U.S.C. 301 (1935), are payable because of the injury, the weekly benefits payable under this section shall be reduced by the amount of the federal periodic benefits for such week.

The offset was eliminated by the legislature in 1974, Chapter 270, Laws of 1974, and § 92-704.2, R.C.M., (1947) was enacted:

> The provisions of this act apply prospectively only. However, the division shall pay to any widow, widower or beneficiary who did or shall become eligible for compensation for injury causing death after June 30, 1973, and before July 1, 1974, such sum or sums necessary to bring the total amount of compensation paid or to be paid as long as such person has, or remains eligible for compensation, to the amount such person would have received without the reduction for benefits granted by the Social Security Act. The division shall pay such sums in a lump sum as to compensation periods past and bi-weekly as to compensation to become due and from a special fund appropriated for this purpose.

Although this statute was not recodified in the change over from the Revised Codes of Montana to the Montana Code Annotated, it was not repealed. In this case it must be read with § 39-71-721(1), MCA:

> Compensation for injury causing death. (1) If an injured employee dies and the injury was the proximate cause of such death, then the beneficiary of the deceased, as the case may be, is entitled to the same compensation as though the death occurred immediately following the injury, but the period during which the death benefit is paid

4

shall be reduced by the period during or for which compensation was paid for the injury.

Section 92-704.2, R.C.M., (1947), includes the provision that a beneficiary becomes eligible for compensation if an injury causing death occurred between June 30, 1973, and July 1, 1974. The question facing the Court is whether the statute applies to benefits paid the beneficiaries of workers who died between June 30, 1973, and July 1, 1974, as the Division argues, or whether it applies to workers whose injury in that time frame is the proximate cause of their subsequent death.

The Division argues the statute applies to benefits for beneficiaries and not for the workers themselves. Because the worker, Mr. Campbell, was alive during this period there were no eligible beneficiaries. This argument is unsound.

Eligibility and entitlement are not the same. The legislature has fixed the date of injury as the point in time when compensation benefits and beneficiaries are determined. A beneficiary becomes eligible for benefits when an injury causing death occurs between June 30, 1973, and July 1, 1974, pursuant to § 92-704.2 R.C.M. (1947). When this section is read with § 39-71-721(1), MCA, the beneficiary becomes entitled to the benefits for which she is eligible as though the death occurred immediately following the injury, because the injury was the proximate cause of the death. This section entitles the beneficiaries to benefits at the time of the injury.

Mrs. Holmberg became eligible for compensation on the date of her husband's injury, January 8, 1974, because the injury was within the time frame in § 92-704.2, R.C.M., (1947). She likewise would have been eligible had the death occurred then. Because Mr. Campbell's injury was the proximate cause of his death, she is entitled to compensation as though the death occurred immediately following the injury

5

pursuant to § 39-71-721, MCA. Clearly, had the injury not occurred within the statutory time frame, § 92-704.2 R.C.M. (1947) would not apply. Any industrial injury occurring between June 30, 1973, and July 1, 1974, which is the proximate cause of death is covered by § 92-704.2, R.C.M., (1947).

The Division's lack of due process argument is without merit. The rules of the Workers' Compensation Court provide that the Division is served with a copy of the petition for hearing. The Division had notice of the beneficiary's claim in October, 1979. Further, it is responsible for enforcing the Workers' Compensation laws of this state and clearly knew or should have known of the possible effects of § 92-704.2, R.C.M., (1947). It had adequate opportunity to be heard on this question and has not suffered deprivation of any liberty or property right.

The order of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

Justices

6