No. 89-425

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GREGORY KRAFT,

      Claimant and Appellant,

   -vs-

FLATHEAD VALLEY LABOR & CONTRACTORS,
      Employer
  and
STATE COMPENSATION INSURANCE FUND,

      Defendant and Respondent.

APPEAL FROM:   Workers' Compensation Court

             The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           John H. Bothe, Bothe & Lauridsen, Columbia Falls,
           Montana

      For Respondent:

           Norman C. Peterson, Assistant Attorney General,
           Helena, Montana

Submitted on Briefs: April 5, 1990

Decided: May 24, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Claimant, Gregory Kraft, appeals the judgment of the Workers' Compensation Court which denied him benefits for carpal tunnel syndrome. The lower court found that claimant failed to carry his burden of proving that a compensable claim existed. We reverse and remand.

The sole issue is:

Whether the Hearing Examiner's finding that the claimant's carpal tunnel condition is not a compensable injury under the Workers' Compensation Act is supported by substantial evidence.

The claimant, Mr. Kraft, was 29 years old at the time of trial. He has spent a substantial portion of his career working in various lumber mills. In 1982, Mr. Kraft was employed by Lumber Enterprises in Bozeman, Montana. While in employment for that company, he suffered a carpal tunnel condition to his right wrist. This injury was incurred due to the repetitive nature of Mr. Kraft's work, which consisted of working on a machine called the green chain. In order to relieve the pressure on his right wrist, which resulted from the condition, Mr. Kraft underwent surgery. After approximately eight weeks he returned to work at Lumber Enterprises, and drove a forklift.

In 1985, Mr. Kraft began working at F.H. Stoltze Land and Lumber Company in Columbia Falls, Montana, as a contract laborer for Flathead Valley Labor Contractors. He was initially assigned to pull dry chain, which required that he pull approximately 1,500

boards an hour as they came through the trim saws. Mr. Kraft worked the dry chain constantly over an 8 to 9 hour shift five days a week.

By October of 1986, both of Mr. Kraft's wrists began to bother him. The pain in his wrists gradually increased until March of 1987. At that time, he was given the option of transferring to a clean up position. In order to bring some relief to his wrists, Mr. Kraft exercised that option. The job change reduced his wrist pain, however, the pain has remained basically the same since that change.

Although the clean up job brought relief to Mr. Kraft's wrists, it exacerbated a prior back injury. In June of 1987, he was offered a full time position with Stoltze. As a result, he underwent a physical examination. Mr. Kraft failed this examination because of back problems (congenital scoliosis) and, therefore, was not hired. He continued to work clean up crew as a contract laborer. However, as time went on his back condition worsened and he was finally forced to quit on July 23, 1987.

Following Mr. Kraft's termination of work he was treated by Dr. Paul Ruttle on July 28, 1987, for his complaints of low back and bilateral wrist pain. It was eventually determined that his wrist pain was caused by bilateral carpal tunnel syndrome.

Mr. Kraft filed a claim with the Division of Workers' Compensation on July 20, 1987 In that claim, he sought compensation for his wrists and his back. The Division disputed the claim, and the matter was heard by the Workers' Compensation

3

Court on June 1, 1988. The Hearing Examiner found that as to the carpal tunnel condition, Mr. Kraft failed to carry his burden of proving that a compensable claim existed. He also found that although Mr. Kraft had suffered an injury in the form of microtraumas to his low back, the condition was not compensable under the Workers' Compensation Act, but was more properly brought under the Occupational Disease Act.

Mr. Kraft filed a motion for rehearing. The motion was denied. He filed a Notice of Appeal and appealed only that portion of the judgment dealing with the carpal tunnel condition.

Findings of the Workers' Compensation Court will not be overturned if there is substantial evidence to support them. Steffes v. 93 Leasing Co. Inc. (1978), 177 Mont 83, 580 P.2d 450. However, findings and conclusions of the lower court "may not stand where there is a clear preponderance of the evidence against such findings or conclusions when viewed in the light most favorable to the prevailing party." Hert v. J.J. Newberry (1978), 178 Mont. 355, 359, 584 P.2d 656, 658.

The facts of this case do not support the lower court's conclusion that Gregory Kraft's carpal tunnel condition was not a compensable injury under the Workers' Compensation Act. See §§ 39-71-101, et seq. The Hearing Examiner found that when Kraft began working at the Stoltze mill in 1986, he was not experiencing any problems with his wrists. Following his assignment to the dry chain, Mr. Kraft began to experience pain in both wrists, however. Eventually, he switched to the clean up crew, because he felt that

4

the job would be easier and would help him avoid repetitive grasping motions which aggravated his condition. Following this job change, Mr. Kraft experienced relief from the symptoms of his carpal tunnel condition.

These findings are bolstered by the testimony of Dr. John V. Stephens, who treated Mr. Kraft for both his back and his wrist injuries. Dr. Stephens testified that the carpal tunnel condition was probably caused by Mr. Kraft's job duties on the dry chain. He further testified that due to Mr Kraft's prior right carpal tunnel condition, he was predisposed to suffer the same condition in his left wrist. None of this evidence was effectively rebutted by the defense.

The defense maintains that Kraft failed to prove that his injuries were the result of job related activities. Instead, they assert that the condition may have arisen from Kraft's fly-fishing activities which involve the same basic wrist motion as that performed on the dry chain. This contention fails, however, in light of Kraft's unrebutted testimony that he hadn't fished during his employment at Stoltze. He further testified that he utilized his right hand when he did fish, and therefore, this activity could not possibly have caused the condition in his left wrist.

The Hearing Examiner used as a basis of his conclusion that Kraft did not prove his case, the facts that "he did not report an injury to his wrists, he did not miss work because of wrist pain, and he did not notify his employer of wrist pain from his work." He used as further support for his judgment Kraft's testimony that

5

despite the discomfort and pain in his wrists, he could still do the work on the dry chain better than anyone else at the mill. The defense maintains that these facts are sufficient to uphold the judgment of the lower court.

We disagree. These facts have no relevance to the central issue at trial. That issue was:

> Did Gregory Kraft sustain a compensable injury while employed at Stoltze Land and Lumber?

In order to affirmatively answer this question, Kraft need only prove that: (1) he was an employee of Stoltze; (2) he received an injury; and (3) that his injury arose out of and in the course of his employment. See § 39-71-407, MCA; Wirta v. North Butte Mining Co. (1922), 64 Mont. 279, 210 P. 332. Mr. Kraft's unrebutted testimony, together with that of his doctor clearly establish the fact that he suffered an injury as defined by the law in effect at the time he was employed at Stoltze Lumber.

This Court has stated, on many occasions, that the law in effect on the date of injury is controlling. See Young Motor Company v. Division of Workers' Comp. (1985), 219 Mont. 1, 710 P.2d 58. Therefore, in order to determine whether Mr. Kraft's condition is an injury, as that term was defined during the period he worked on the dry chain, we consult the statutes in effect during that period of time.

Mr. Kraft worked the dry chain from approximately December of 1985 until he was forced to quit in March of 1987. The statute in effect during that time period defined injury as:

(1) a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom and excluding disease not traceable to injury, except as provided in subsection (2) of this section . . . § 39-71-119(1), MCA (1985).

The statute states two elements which must be present in order to prove an injury: "(1) a tangible happening of a traumatic nature; and (2) that this is the cause of the physical harm." Wise v. Perkins (1983), 202 Mont. 157, 656 P.2d 816. In Hoehne v. Granite Lumber Company (1980), 189 Mont. 221, 615 P.2d 863, we held that a tangible happening need not be a single isolated event, but rather could result through "a chain of accidents or incidents, i.e. stacking of lumber on a daily basis."

Mr. Kraft has proven that his wrist condition fits under this definition of injury. His testimony revealed that his wrists only began to bother him following his employment on the dry chain. Moreover, the testimony of his doctor taken as a whole established the causal relationship between the activity and Kraft's carpal tunnel syndrome.

The conclusion of the Workers' Compensation Court is not supported by substantial evidence. Moreover, as stated earlier, the uncontested facts presented by this case fully establish that Mr. Kraft sustained a compensable injury. Accordingly, this case is reversed and remanded to the lower court for further proceedings in accordance with this opinion.

Justice

We Concur:

John Conway Harrison

Diane G. Barz

John C. Sheehy

_____
Justices