No. 91-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991


ALLEN STUKER,

      Claimant and Appellant,

    v.

STUKER RANCH,

      Employer and Respondent,

  and

STATE COMPENSATION MUTUAL
INSURANCE FUND,

      Insurer and Respondent.

**FILED**

DEC 6 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   Worker's Compensation Court,
               The Honorable Timothy W. Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Donald R. Marble: Marble Law Office, Chester,
          Montana

      For Respondent:

          Darcy M. Crum; James, Gray & McCafferty, Great
          Falls, Montana


               Submitted on Briefs: October 24, 1991

                       Decided: December 6, 1991

Filed:

                            Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Claimant Allen Stuker (Stuker) appeals from an order and judgment of the Montana Workers' Compensation Court. The Workers' Compensation Court adopted the findings of fact and conclusions of law of the hearings examiner who deemed Stuker "partially permanently disabled" due to a torn biceps muscle. The court awarded Stuker **$122.74** per week for **75** weeks under §§ **39-71-705** through **-708**, MCA **(1985),** along with attorney's fees. We affirm.

We restate the issues presented by the claimant into a single issue: whether the Workers' Compensation Court erred in its findings of fact and conclusions of law.

Stuker is a thirty-six-year-old male who graduated from Havre High School in **1972** and did not pursue additional schooling. He worked short term jobs before entering the Army including in a bakery as a helper, and in a department store as a custodian. In the Army he drove a truck with a special military driver's license. He remained in the Army until **1976** and then returned to Havre. He worked a series of short term, often part time jobs including: driving a grain truck, serving customers as a clerk in a grocery store and filling orders for a company that distributed products such as potato chips. He also worked **as** a tire repairman for approximately ten months before being laid off. Stuker then became involved in various types of seasonal work including roofing houses and helping on his relatives' ranches. The roofing operation began in **1980** when he submitted roofing bids to general contractors. In addition to roofing, Stuker began working for his uncle on the Stuker Ranch each year during March and

April, beginning in 1983.

In March 1986 while working for his uncle on the Stuker Ranch, Stuker began to experience pain in his right shoulder after lifting hay bales but continued working anyway. In early April, 1986, while lifting an irrigation tarp, Stuker felt instant pain in the biceps muscle region of his right arm. Stuker thought he had hyperextended his arm: he treated it with a heating pad, and continued to work until April 17, 1986, the end of calving season. Stuker saw Dr. Kelly in late April about the injury: Dr. Kelly consulted with Dr. Luettjohann who diagnosed Stuker's problem as a torn biceps muscle. Stuker continued to see Dr. Luettjohann in 1986. A subsequent visit in 1987 and exploratory surgery in January 1987, revealed that Stuker sustained a ruptured biceps muscle.

In February 1987, Stuker worked for two different uncles performing ranching duties. Dr. Luettjohann had advised him he could return to work depending on his comfort level. Accordingly, he worked for the Stuker Ranch in March and April 1987 doing the night check on cattle. Here he monitored the cattle herd and assisted with the birthing of calves. Later he worked for his uncle Ira Hammond for three or four weeks doing dry farming. Stuker plowed fields, planted grain and drove a truck and tractor. In both 1988 and 1989 Stuker again worked for Ira Hammond from January to May. Stuker also engaged in softball and fishing activities throughout the years. Stuker did not apply for any jobs other than farm jobs with his relatives. He stated that he preferred to work for his relatives. The record indicates the following income reported on Stuker's tax returns:

3

| Year | Income from Roofing | Total income |
|------|---------------------|--------------|
| 1980 | $337.00 | $1,376.00 |
| 1981 | $378.00 | $ 404.00 |
| 1982 | none | none |
| 1983 | $860.00 | $1,511.00 |
| 1984 | $737.00 | $1,683.00 |
| 1985 | $441.00 | $1,373.00 |

Stuker claims that as a result of the injury, he cannot lift more than twenty pounds on a consistent basis, and that he experiences headaches and numbness in his arm and fingers.

A Workers' Compensation claimant can choose between two different types of awards. Walker v. Johnson (1978), 180 Mont. 405, 411, 591 P.2d 181, 184. According to the statutory scheme of 1985, Stuker could pursue a loss of earning capacity disability award under § 39-71-703, MCA (1985), or he could pursue an indemnity award under §§ 39-71-705 through -708. A disability award is based on the "actual loss of earning capacity resulting from the injury" whereas an indemnity benefit awards compensation for "possible loss of earning capacity in the future." McAlear v. McKee (1976), 171 Mont. 462, 467, 558 P.2d 1134, 1137; citing Jones v. Glac. General Assurance Co. (1965), 145 Mont. 326, 400 P.2d 888. An indemnity benefit is "compensation regardless of earnings to compensate for possible loss of earning capacity in the future." McAlear, 171 Mont. at 467, 558 P.2d at 1137; citing Jones, 145 Mont. 326, 400 P.2d 888.

Stuker elected to pursue an indemnity award under §§ 39-71-705 through -708, MCA (1985). Section 39-71-706, MCA (1985), "[p]rovides for applying the percentage of disability in determining the number of weeks of compensation under the indemnity alternative, where injury is less than total loss of a scheduled member, or where the injury

4

is a 'wholeman' injury not scheduled." McDanold v. B.N. Transport, Inc. (1984), 208 Mont. 470, 478, 679 P.2d 1188, 1192. This means that the permanent partial disability percentage is multiplied by the 500 week maximum to arrive at the number of weeks of payments. In the case at bar, the court arrived at a 15% disability percentage. Stuker elected to proceed under §§ 39-71-705 through -708, MCA (1985), and since Stuker's injury is not among those specifically listed in § 39-71-705, MCA (1985), which imposes durational limitations, the correct calculation is as follows: 15% x 500 = 75 weeks. In the case at bar, the Workers' Compensation Court used the proper method to calculate the duration of Mr. Stuker's award.

The record indicates that in arriving at the 15% disability percentage the court considered the testimony of the experts, the claimant's "age, education, work experience, pain and disability, actual wage loss, and the loss of future earning capacity." Hartman v. National Union Fire Insurance (1989), 236 Mont. 141, 145, 768 P.2d 1380, 1383; citing Flake v. Aetna (1977), 175 Mont. 127, 129, 572 P.2d 907, 909. The court specifically addressed each of these factors as evidenced by its own statement in its Findings of Fact and Conclusions of Law:

> In calculating a permanent partial disability award under Section 39-71-705 through -708, MCA, this Court has considered the following factors in determining the claimant's loss of earning capacity under that section. These factors include consideration of the actual wage loss, work experience, education, age, pain, and the 12 percent impairment rating of the whole person assigned by his treating physician.

Accordingly, the hearings examiner addressed Stuker's past work history and indicated that his pre-injury work record was extremely

limited. This fact made it more difficult to establish the impairment of Stuker's earning capacity and was adequately discussed. The court correctly refused to speculate what Stuker's wages would have been had he actively sought employment, especially when the record indicates that Stuker's work efforts were minimal. Stuker's post-injury earning capacity indicates that he will earn more than he did in any of the five years prior to his injury.

The court also considered Dr. Luettjohann's 12% impairment rating to the whole man based on the injury to Stuker's right arm and the pain involved when exceeding his lifting capacity. The court acknowledged that Stuker cannot perform heavy labor but has "[f]ive approved occupations he can perform in his labor market." The court stated that exceeding Stuker's lifting capacity will cause him to experience pain which lasts thirty minutes or less. In total, the court made a finding that Stuker "is not suffering from such pain or disability that would reduce his earnings in the occupations approved as being within his physical capacity." Finally, the court notes that Stuker is a young man of thirty-six and can obtain additional training by his own choice.

On appeal, we will not overturn the findings of fact of the Workers' Compensation Court if there is substantial credible evidence to support them in the record. Grenz v. Fire and Casualty of Connecticut (Mont. 1991), ___ P.2d ___, ___, 48 St.Rep. 967, 969; citing Kraft v. Flathead Valley Labor & Contr. (1990), 243 Mont. 363, 365, 792 P.2d 1094, 1095. The Workers' Compensation Court's conclusions of law will be upheld if the tribunal's interpretation

6

of the law is correct.  <u>Grenz</u>, ___ P.2d at ___, 48 St.Rep. at **969;**

citing Steer, Inc. v. Dept. of Revenue **(1990),** 245 Mont. 470, 474,

803 P.2d **601,** 603.  Clearly in the case at bar, the court supported

its findings of fact with substantial credible evidence and it made

correct conclusions of law.  Therefore, we will not disturb the court's

ruling.

    Affirmed.

Justice

We concur:

Chief Justice

Justices

December *6,* 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Donald R. Marble
MARBLE LAW OFFICE
P.O. Box 649
Chester, MT 59522

Darcy M. Crum
James, Gray & McCafferty
P.O. Box 2885
Great Falls, MT 59403-2885

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy