No. 91-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THOMAS GERLACH,

        Petitioner and Appellant,

   -vs-

CHAMPION INTERNATIONAL,

        Employer, Defendant and Respondent.


APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Rex Palmer, Esq., Attorneys, Inc., Missoula, Montana

       For Respondent:

           Bradley J. Luck, Esq., Garlington, Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  January 9, 1992

Decided:  August 6, 1992

**FILED**

AUG 6 - 1992

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

This is an appeal from a decision of the Workers' Compensation Court filed April 30, **1991,** denying claimant entitlement to permanent partial disability benefits under the Workers' Compensation Act. We affirm.

The sole issue on appeal is whether the Workers' Compensation Court erred in determining that claimant does not suffer a disability as a result of an industrial injury which occurred in the summer of **1986.**

Claimant Thomas Gerlach (Gerlach) has worked in the wood products industry for 25 years. Gerlach began his employment with Intermountain Lumber Mill which subsequently was purchased by Champion International. During the year prior to the **1986** events which give rise to this action, he worked as a trimmer operator, a position requiring Gerlach to engage in repetitive upper body movements.

By 1984, Gerlach was experiencing physical problems involving his neck, and back due to his work and sought help from a chiropractor. The chiropractor diagnosed Gerlach with "acute myositis" or acute muscular discomfort. The pain gradually increased and, in 1985, Gerlach sought medical treatment from his family physician, who found neck and shoulder aching and chronic back problems.

In late spring or early summer of **1986,** Champion International modified its operation to increase lumber production. Gerlach

2

worked the modified job intermittently over an eight to nine week period. The strain to Gerlach's arms and shoulders increased when he worked the modified job because he was required to work two lines simultaneously instead of one. Gerlach shortly reached a point at which his right arm remained in constant pain.

Gerlach sought medical assistance from Dr. Donald Nevin during July of 1986. Dr. Nevin diagnosed and treated Gerlach's tendinitis of the right shoulder and elbow. Gerlach subsequently filed a claim for compensation with Champion.

Dr. Nevin continued to care for Gerlach. After recommending several weeks off work so that the right elbow could be completely immobilized, he referred Gerlach to Dr. Mark Rotar, an orthopedic surgeon. Dr. Rotar saw Gerlach three times, confirming Gerlach's right elbow tendinitis.

Gerlach obtained physical therapy for his tendinitis in October of 1986. Because the physical therapy failed to completely alleviate Gerlach's right arm discomfort, Dr. Rotar prescribed a period off work for Gerlach. As a result, Gerlach did not work from November 1986 until mid-January of 1987. Champion paid Gerlach total disability and medical benefits for this period of time without specifying whether compensation was made under Montana's Occupational Disease Act or Workers' Compensation Act.

Between Gerlach's return to work in January of 1987 and the Champion mill closure in 1990, Gerlach worked continuously, albeit in less repetitive jobs. He missed no work due to his physical condition nor did he complain to his employer of any physical

3

problems.  The record reflects that Gerlach did not seek or receive any medical treatment for his elbow, arm and shoulder problems following his return to work in **1987.**  Gerlach is currently employed by Montana Wood Specialties working a variety of jobs.

Gerlach and Champion could not agree whether Gerlach's claim arose under the Workers' Compensation Act or the Occupational Disease Act.  Gerlach filed a claim seeking permanent partial disability benefits under the Workers' Compensation Act.  The case was heard on November **14, 1990.**

The Workers' Compensation Court concluded that Gerlach does not suffer a disability as a result of an industrial injury in the summer of **1986.**  According to the court, overwhelming evidence establishedthat Gerlach suffered from an overuse syndrome as early as **1984** and that he continues to suffer from that syndrome: such a condition is an occupational disease rather than a compensable disability under the Workers' Compensation Act.  The court determined that Gerlach did not prove that his problems with his arms, shoulders, back and neck were causally related to the events of **1986.**

At the Workers' Compensation hearing, Gerlach testified that he is presently in constant pain in his neck, shoulders, and elbows, with the majority of his pain centered in the shoulder area.  Gerlach's testimony did not connect his current physical problems to the events of **1986.**  Indeed, Gerlach testified in his deposition to the gradual onset of the pain from which he continues to suffer:

4

Q: And so from the onset of the neck pain in '84, it gradually got worse until in July of '86, it involved both arms, both shoulders and the neck, and you went to see Dr. Nevin?

A: Yes.

Q: And that's when you filed your claim?

A: Yes.

Q: And in retrospect, you attribute the totality of these upper extremity problems to those numbers of years of repetitive activity beginning with Intermountain and then into the Champion operation?

A: Yes.

The three doctors who testified by way of deposition agreed that Gerlach suffered from an overuse syndrome prior to the spring of 1986. Following the 1986 work increase, Gerlach first saw Dr. Donald Nevin who diagnosed his condition at that time as right elbow tendinitis, consistent with an overuse syndrome. He treated Gerlach and then referred him to an orthopedic surgeon, Dr. Mark Rotar. Dr. Rotar confirmed Dr. Nevin's diagnosis, treated Gerlach for right elbow tendinitis, "almost always an overuse problem," and prescribed a period of complete inactivity for the elbow. Dr. Rotar stated in his deposition that an overuse syndrome is not an unusual condition for someone who has worked many years in repetitive activity in the wood products industry. Dr. Peggy Schlesinger, who specializes in arthritic conditions including overuse syndrome, testified that she could not conclude that Gerlach's present physical condition derived from any specific events of 1986.

Our standard of reviewing a decision of the Workers'

Compensation Court is to determine if there is substantial evidence to support the findings and conclusions of that court. When there is substantial evidence to support the Workers' Compensation Court, this Court cannot overturn the decision. Wood v. Consolidated Freightways, Inc. (1991), 248 Mont. 26, 28, 808 P.2d 502, 504.

The Workers' Compensation Court concluded that Gerlach does not suffer a disability as a result of an industrial injury in the summer of 1986. In this case, Gerlach must prove by a preponderance of the credible evidence that 1.) he suffered an injury arising out of and in the course of his employment; and 2.) the injury was the proximate cause of his disabling condition. Frost v. Anaconda Company (1985), 216 Mont. 387, 701 P.2d 987. Substantial evidence exists to support the Workers' Compensation Court's determination that Gerlach's current condition did not result from the 1986 tendinitis. As stated above, the physicians who testified stated that Gerlach was treated for right elbow tendinitis in 1986, but had suffered a prior overuse syndrome. Neither the doctors nor Gerlach could directly attribute Gerlach's present condition involving his neck, shoulders, arms and back to the events of 1986; all stated that prior to the 1986 tendinitis, Gerlach had suffered pain in the same body parts as now afflict him. Given the record before the causation element, we need not determine whether the 1986 tendinitis met the other statutory requirements for an injury under § 39-71-119(1), MCA (1985).

Gerlach relies on Hoehne v. Granite Lumber Co. (1980), 189 Mont. 221, 615 P.2d 863, and Kraft v. Flathead Valley Labor and

*6*

Construction (1990), 243 Mont. 363, 792 P.2d 1094; his reliance is misplaced. <u>Hoehne</u> and <u>Kraft</u> involved determinations of whether a compensable and defined injury under the Workers' Compensation Act had occurred. In the case at bar, the causal connection between Gerlach's job activity and his 1986 tendinitis has been conceded and the tendinitis has been fully compensated by Champion. The sole issue necessary for resolution of this case is whether the compensable 1986 tendinitis caused Gerlach's current physical problems.

Taken as a whole, the medical evidence and Gerlach's own testimony establish that the 1986 events resulted in right elbow tendinitis, that that condition was treated successfully by the time of Gerlach's return to work in 1987, and that it did not recur. Stated differently, the evidence establishes that Gerlach's current overuse syndrome existed as early as 1984 and was not caused by and does not result from the increased work activity in 1986.

We conclude that substantial credible evidence exists to support the Workers' Compensation Court's determination that Gerlach does not suffer a disability as a result of an industrial injury which occurred in the summer of 1986. We hold that the Workers' Compensation Court did not err.

Affirmed.

_____
Justice

7

We concur:

_John Conway Harrison_

_[signature]_

_William E Hunt_

_R. C. McDonough_
Justices

August 6, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Rex Palmer
Attorney, Inc., P.C.
301 W. Spruce St.
Missoula, MT 59802

Bradley J. Luck
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT 59807-7909

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy