NO. 93-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JAMES R. WALKER,

      Claimant and Appellant,

    v.

UNITED PARCEL SERVICE, Employer, and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

      Defendant and Respondent.



FILED

DEC 16 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
                State of Montana
                The Honorable Timothy **Reardon,** Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

             Stephen C. Pohl, Bozeman, Montana: Chris J. Ragar, Bozeman, Montana

      For Respondent:

             Larry W. Jones, Missoula, Montana


                    Submitted on Briefs:  October 28, 1993

                              Decided:  December 16, 1993

Filed:

_____
             Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a decision by the Workers' Compensation Court denying permanent partial disability benefits. We reverse.

The sole issue before us is whether the Workers' Compensation Court erred by determining that claimant's current medical condition was not caused by the 1985 injury.

James R. Walker (Walker) began his employment with United Parcel Service (UPS) in 1981 and delivered packages in the Bozeman area. Prior to 1985, Walker was in excellent health and was considered to be an excellent employee. On September 12, 1985, Walker suffered a back injury while working for UPS. He stepped off a loading dock, struck his knee against a structure, and strained or sprained his back.

Because of the ensuing pain, Walker was forced to quit work early. The day after the injury, Walker was in severe pain and was unable to move out of his bed. Ultimately, Walker's wife called an ambulance and Walker was taken to the emergency room and thereafter admitted. Medical personnel determined that Walker's back was in spasms because of an injury to the ligaments in his lower back. Walker remained in the hospital for four days and was released while still experiencing pain.

He did not work for approximately two and one-half months following his injury. Walker returned to work and continued working for six more years before quitting his employment in January of 1992. He claims that his back has flared up on a number of occasions and that he has had to call the office while on his

delivery route for a relief driver. Walker maintains that since the 1985 accident, he has had a persistent, dull pain in his back and that towards the end of every week it would get worse.

Walker's pain became more severe in July of 1991 and remained with him continually. After calling in for a relief driver in January of 1992, UPS sent Walker home and told him not to return to work until his back was 100% well. He has not returned to work at UPS.

Northwest Mutual notified Walker that he would be receiving benefits because of an occupational disease. Walker believed, however, that he had sustained an injury. In 1992, he filed a petition with the Workers' Compensation Court for permanent partial disability benefits based upon his 1985 injury. The Workers' Compensation court heard the matter in December of 1992. The court issued its decision on May 7, 1993, finding that Walker was not permanently disabled as a result of the 1985 injury. Walker appealed.

Did the Workers' Compensation Court err in denying permanent partial disability benefits based on its conclusion that claimant's current medical condition was not caused by the 1985 injury?

Walker contends that despite repeated and various treatments for his back condition, his back has never returned to its pre-1985 condition. Walker testified that he had received various treatments from different doctors in the last 6 years but that none of these treatments had completely taken the pain away. He testified that following the 1985 accident, he has experienced

flare-ups which caused his pain to escalate severely.  On that basis, he contends that he is entitled to permanent partial disability benefits.

Respondents argue that Walker did not prove that the 1985 injury caused his disability.  According to respondents, Walker sustained subsequent injuries which were the cause of his current condition.

The Workers' Compensation Court stated:

> Because the claimant reached maximum healing prior to the subsequent injuries the Court concludes that the claimant's current disability was not proximately caused by his September 1985 injury.  The claimant's return to his time of injury job for a period of about six years coupled with subsequent injuries creates a causal chain that is too tenuous to conclude that the 1985 injury is the cause of claimant's current condition.  The medical evidence presented does not establish by a preponderance of the evidence that the claimant's current condition was caused by his 1985 injury.  The doctors generally agree that the 1985 injury weakened the claimant's back making him more susceptible to injury, however, no doctor would testify that the claimant's current condition would exist had he not returned to work at UPS.  Nor did any of the medical doctors testify that the claimant's subsequent injuries were mere temporary aggravations of his prior condition and that he had returned to his post 1985 injury condition.  The claimant has failed to carry his requisite burden of proof in establishing that the 1985 injury caused his current condition.

The long established standard of review for this Court when considering the decision of the Workers' Compensation Court is to determine whether there is substantial credible evidence to support the Workers' Compensation Court's decision.  O'Brien v. Central Feeds (1990), 241 Mont. 267, 786 P.2d 1169. When critical medical testimony is presented through depositions in workers' compensation proceedings, this Court can assess evidence as well as the lower

4

court. Smith-Carter v. Amoco Oil Co. (1991), 248 Mont. 505, 813 P.2d 405.

It is the claimant's burden of proof to present a preponderance of the evidence to show that he has sustained an injury and that the injury occurred while he was on the job. Gerlach v. Champion International (1992), 254 Mont. 137, 836 P.2d 35; § 39-71-119, MCA. The claimant must also prove by a preponderance of the evidence that a causal connection exists between his work accident and his current condition. Brown v. Ament (1988), 231 Mont. 158, 752 P.2d 171.

Here, the Workers' Compensation Court states that no doctor would testify that Walker's condition was caused by the 1985 accident. The court appears to rely exclusively on Dr. Mohr's testimony that Walker's pain was intermittent. Dr. Duane Mohr first saw Walker in 1991. Mohr is a pain management specialist.

When asked if he had any way of knowing to a reasonable medical probability one way or another whether Walker's ongoing symptoms were caused by that initial injury (in 1985) or whether the ongoing symptoms were caused by simply the requirements of the job, Mohr's response was: "I can't be certain." Dr. Mohr then qualified his answer about Walker's work activity by indicating that Walker suffered from two different conditions. He stated that he felt the bulging discs from which Walker suffered in 1991 were caused by the day-to-day stress of Walker's job. The chronic strain in the lower back region was a condition for which he did not have an opinion as to its cause. Nowhere in Mohr's testimony

5

is there an unqualified refusal to attribute Walker's total condition to the 1985 injury. Because Dr. Mohr's testimony is so equivocal, it is not substantial evidence when weighed against the balance of the medical testimony.

Although the Workers' Compensation Court stated that no doctor would testify that Walker's condition sprang from the 1985 accident, the record before us does not substantiate the court's statement. Walker first saw Dr. Bernard M. Varberg, an orthopedic surgeon, when he was injured in 1985. Dr. Varberg testified that Walker had sustained a lower lumbosacral strain or sprain in which the back's ligaments were stretched. In his deposition, Dr. Varberg testified that Walker's current condition and the symptoms that he continues to experience are a result of the 1985 injury and his continuing to work. Dr. Varberg last saw Walker in 1986, before he moved from the Bozeman area.

In 1986, Walker was treated by a chiropractor, Dr. Lundgren. Dr. Lundgren's notes say that Walker's condition stems from a lifting incident that is similar to an accident for which he was treated in 1985. Dr. Lundgren's records do not state whether the 1986 incident was an "accident" which caused permanent damage different from that of the 1985 accident or whether it was an aggravation of the 1985 injury. However, we note that Dr. Lundgren did state that he anticipated Walker to be able to return to his pre-1986 condition. This seems to indicate that whatever happened in 1986 was not a permanent injury.

Dr. John D. Campbell is an orthopedic surgeon who saw Walker

in 1991.   He stated during his deposition that the cause of Walker's condition was the 1985 injury and not Walker's normal working conditions at UPS.   Dr. Gary Cooney, a physician specializing in neurology who has seen Walker from 1991 until the present, testified in his deposition that:   "It's my opinion that the patient's present back problems are related to an injury that he sustained in a fall in 1985 which never completely healed."

The court also cites and respondents argue that Walker returned to work in December of 1985 and continued to work for six years.   However, this does not mean that Walker was pain free or that his return to work precludes recovery for workers' compensation benefits because of the 1985 injury.

In a similar 1990 case, this Court stated that a worker who returned to work with carpal tunnel syndrome following an injury and subsequently performed his job better than anyone else was still eligible for disability compensation because of the injury. Kraftv. Flathead Valley Labor & Contractors (1990), 243 Mont. 363, 792 P.2d 1094.   Likewise, the fact that Walker returned to his regular job does not indicate that he was completely well or that he was experiencing no pain.   His return to work is not relevant to the causation issue.

The Workers' Compensation Court stated that Walker reported six different accidents to his physicians.   There is nothing in the record to support this statement.   The court states several times that these "accidents" were identifiable and reported.

An accident is an unexpected traumatic incident or unusual

7

strain which is identifiable by time and place of occurrence, identifiable by member or part of the body affected, and caused by a specific event on a single day or during a single work shift. Section 39-71-119(2), MCA. The record does not corroborate six accidents occurred. While it is clear that following the 1985 injury, Walker saw doctors on and off until 1991 when he began to experience continual severe pain, the record does not indicate whether the incidents that prompted the visits to the doctors were discrete injuries or whether they were aggravations to the 1985 injury.

Because we determine that the claimant has met his burden of proof that his injuries sprang from a 1985 accident, the burden of proof concerning any post-1985 accidents which permanently damaged claimant's back must fall upon the carrier. Lee v. Group W Cable TCI of Montana (1990), 245 Mont. 292, 800 P.2d 702; § 39-71-703 et seq., MCA. Lee is significant in that the claimant there suffered from what was diagnosed by the doctors as two distinct back injuries. Lee failed to prove that his current problems stemmed from the earlier injury and not the later one as argued by the carrier. Lee is informative because it focuses attention on the importance of medical testimony in workers' compensation cases.

The doctors in Lee specifically noted two distinct injuries. One of the doctors in Lee specifically stated that the second back injury, from which claimant missed three months of work, was also an exacerbation of the earlier back injury. Lee, 245 Mont. at 298, 800 P.2d at 705. The doctors here have not indicated that Walker

8

suffered from two discrete injuries, suffered at two distinct times. While alleging that six additional "accidents" occurred to Walker's back, the carrier has not presented evidence that the incidents it alludes to have met the legislature's definition of accident. Further the carrier has not shown that a causal connection exists between a post-1985 injury and Walker's current condition. Thus, the carrier has not met its burden concerning any subsequent accidents and the court did not have substantial evidence from which to determine that Walker's injuries were caused by a post-1985 accident.

We conclude that Walker has met his burden satisfactorily concerning the proximate cause of his current problems. Therefore, we hold that the Workers' Compensation court did not have substantial evidence from which to determine that claimant is unqualified for permanent partial disability benefits or that subsequent injuries have caused the disability.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____

_____

_____
Justices

9