# DENNIS O. BEST, SR.,
## Petitioner and Appellant,
### v.
# STATE COMPENSATION INSURANCE FUND,
## Respondent and Insurer for
# STOCKMAN'S BAR AND CAFE,
## Employer.

No. 95-497.
Submitted on Briefs March 14, 1996.
Decided May 3, 1996.
53 St.Rep. 405.
276 Mont. 302.
916 P.2d 108.

For Appellant: **Don Edgar Burris**, Attorney at Law, Billings.

For Respondent: **Daniel J. Whyte**, Legal Counsel, State Compensation Insurance Fund, Helena.

JUSTICE GRAY delivered the Opinion of the Court.

Dennis O. Best, Sr. (Best) appeals from the Findings of Fact, Conclusions of Law and Judgment of the Workers' Compensation Court denying his claim for permanent total disability benefits for a 1993 work-related injury. We affirm.

The dispositive issue on appeal is whether the Workers' Compensation Court's finding that Best's permanent total disability predates his 1993 work-related injury is supported by substantial credible evidence.

Best originally injured his back on September 9, 1986, while employed as a carpenter in Issaquah, Washington. Approximately three days later, Best was examined by Dr. Richard Vande Veegaete, a chiropractor practicing in Billings, Montana. Dr. Vande Veegaete diagnosed Best as having L4-L5, L5-S1 disc degeneration and dysfunctional lumbar disc syndrome with a bilateral sciatic radiation. Best received temporary total disability benefits for his 1986 injury from September 1986 through April of 1991, and settled his claim in August of 1992.

Best exacerbated his back injury several times between 1986 and 1993. In 1988, after Best and a friend moved a sofa, Best developed acute low back pain which caused him to drop to his knees. In 1989, Best experienced reactivated acute low back pain after helping a friend can beets.

In 1988, Best worked as a cook for about one month at the American Legion Post 4 in Billings, Montana. Due to severe back pain which prevented him from performing his work duties, Best quit that job. In 1990, Best worked as a cook for approximately two months at the Argonaut Supper Club in Harlowton, Montana. As was the case with his American Legion job, Best had to quit his job at the Argonaut Supper Club because of severe back pain.

Best applied twice to the United States Department of Health and Human Services, Social Security Administration (SSA) for social security disability benefits. His 1988 application was denied. Best refiled with the SSA in February of 1991. Following a series of denials, the SSA determined in 1993 that Best was disabled and entitled to benefits dating back to September 9, 1986.

In November of 1992, Stockman's Bar and Cafe (Stockman's) in Rapelje, Montana, hired Best to cook and tend bar and his wife, Linda Best, to wait tables. Stockman's paid the couple a total of $1,200 a month and provided them a trailer in which to live as additional compensation. On June 18, 1993, while working at Stockman's, Best "bumped" his hip on a table and fell to the floor. Dr. Vande Veegaete examined Best approximately one week later and diagnosed him with L5-S1 intervertebral disc syndrome, reoccurring left sciatica and chronic reoccurring low back pain. Best quit his job at Stockman's on June 30, 1993.

Best filed a workers' compensation claim in July of 1993. The State Compensation Insurance Fund (State Fund), Stockman's workers' compensation insurer, accepted liability for Best's medical claim but denied liability for permanent total disability benefits. In July of 1994, Best petitioned the Workers' Compensation Court for permanent total disability benefits. After a hearing on Best's claim, the Workers' Compensation Court found that Best has been permanently totally disabled since 1991 and, on that basis, denied Best permanent total disability benefits for his 1993 injury. Best appeals.

Is the Workers' Compensation Court's finding that Best's permanent total disability predates his 1993 work-related injury supported by substantial credible evidence?

The law in effect at the time of a work-related injury governs the determination of workers' compensation benefits. *Buckman v. Montana Deaconess Hosp.* (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Section 39-71-116(15), MCA (1991), defines "permanent total disability" as "a condition resulting from injury as defined in this chapter, after a worker reaches maximum healing, in which a worker has no reasonable prospect of physically performing regular employment." The claimant has the burden of proving by a preponderance of the evidence that he was injured on the job and that a causal connection exists between his work-related injury and his current condition. *Walker v. United Parcel Service* (1993), 262 Mont. 450, 454, 865 P.2d 1113, 1116 (citations omitted).

After considering the evidence presented at trial, the Workers' Compensation Court found that Best "has been permanently totally disabled and unable to perform even sedentary work since 1991." On that basis, the court determined that Best was not entitled to permanent total disability benefits for his 1993 work-related injury at Stockman's.

We review findings of the Workers' Compensation Court to determine whether they are supported by substantial credible evidence. *Wilson v. Liberty Mut. Fire Ins.* (1995), 273 Mont. 313, ___, 903 P.2d 785, 787 (citing *Miller v. Frasure* (1991), 248 Mont. 132, 137, 809 P.2d 1257, 1260). Substantial evidence is more than a mere scintilla of evidence but may be less than a preponderance of the evidence. *Miller*, 809 P.2d at 1261. We will not substitute our judgment for that of the Workers' Compensation Court where the issue relates to the weight given to certain evidence or the credibility of witnesses. *Wilson*, 903 P.2d at 787 (citing *Burns v. Plum Creek Timber Co.* (1994), 268 Mont. 82, 84, 885 P.2d 508, 509).

The parties do not dispute that Best is permanently totally disabled. The State Fund contends that Best became permanently totally disabled prior to his 1993 work-related injury, while Best contends that his permanent total disability resulted from that injury.

Best argues on appeal that the Workers' Compensation Court disregarded Dr. Vande Veegaete's opinion that he became totally unable to work after his 1993 work-related injury and replaced it with the court's own "nonmedical, speculative opinion as to [his] condition after the 6/18/93 [incident at Stockman's]." The record does not support Best's argument. Indeed, our review of the record discloses the following evidence, including the opinions of Dr. Vande Veegaete, on which the Workers' Compensation Court relied in finding that Best has been permanently totally disabled since 1991.

The record reflects that, following chiropractic treatment for Best's 1986 back injury, Dr. Vande Veegaete released Best to return to "light duty work" in 1987. In 1988, Best attempted to work as a cook at the American Legion Post 4 in Billings. He quit that job within one month, however, due to severe back pain. That same year, Best exacerbated his 1986 back injury while moving a sofa. In 1989, Dr. Vande Veegaete wrote a letter to the SSA in support of Best's first application for social security disability benefits; he stated therein that Best "has attempted to work at light-duty but even these occupations cause reoccurrences of acute back pain which sidelines him for indefinite periods of time."

In 1989, Best experienced another exacerbation of his back injury while helping a friend can beets. Dr. Vande Veegaete wrote a letter to Lloyd E. Hartford, the attorney representing Best on his social security disability claim, stating that Best "experienced reactivated acute low back pain." Dr. Vande Veegaete further stated:

Reactivation of [Best's] low back symptoms occurs periodically from the most innocent of activities and usually takes from two to three months to stablize [sic] before he can consider routine activities again. His current episode underscores the weakness, degeneration, and limiting effect of his dysfunctional low back. This is a chronic reoccurring problem.

In a mid-1990 letter to the Washington Industrial Insurance State Fund relating to Best's 1986 injury, Dr. Vande Veegaete opined that Best "has suffered permanent impairment and has a very limited work capacity." During that same year, Best again attempted to work as a cook; he was employed for approximately two months at the Argonaut Supper Club in Harlowton, Montana. William E. Leuthold, the owner of the Argonaut Supper Club, made special arrangements for Best to accommodate Best's back problems; he allowed Best to sit down and rest during Best's shifts and did not require Best to lift objects of any significant weight. Despite these special accommodations, however, Best quit his job at the Argonaut Supper Club due to severe back pain.

In January of 1991, Dr. Vande Veegaete wrote another letter on Best's behalf in which he reiterated his earlier opinion that Best could do "light duty work." Dr. Vande Veegaete noted, however, that Best continued to suffer severe reoccurring low back pain despite special arrangements made for him at work. Dr. Vande Veegaete opined that Best "is disabled from all his former work (heavy physical labor)." He also stated:

Given [Best's] longstanding difficulties and pain when sitting, standing, walking, lifting, carrying, bending, and stooping, *I do not feel he is capable of even sedentary work or a sedentary job.*

*With hindsight and based upon what has happened, I now believe [Best] has been unable to work at any type of employment since September of 1986.* His condition has progressively deteriorated and continues to do so.

(Emphasis added.) In an attached summary, Dr. Vande Veegaete stated that Best is unable to perform even light-duty work and,

further, that "it is not anticipated that [Best] will be able to return to useful work."

Approximately ten days after his 1993 injury at Stockman's, Best prepared a letter in support of his social security disability claim for Noel Woodrich (Woodrich), the vice-president of Rapelje Development Corporation d/b/a Stockman's Bar and Cafe, to sign. The letter set forth the terms of Best's employment at Stockman's and various incidents indicating that Best was unable to work due to his back condition. It stated that "if Linda had not been a part of the deal for $1200.00 a month and did 90% or more of the work, the [c]lub would never have permitted [Best] to remain even one month, because he could not do the job and was not worth the [s]alary." Woodrich did not sign the letter, but he testified that he agreed with its contents except for a portion stating that Best was significantly worse after his 1993 accident at Stockman's than he was before.

After Best's 1993 injury at Stockman's, Dr. Vande Veegaete wrote a letter to the State Fund discussing Best's condition. Dr. Vande Veegaete's diagnosis of Best was substantially the same as his diagnosis following Best's 1986 injury and subsequent exacerbations of that injury.

It is true, as Best argues, that Dr. Vande Veegaete opined during his deposition that, after Best's 1993 accident at Stockman's, Best "is now totally unable to work[] [a]nd that seems ... to be the demarcation line." The Workers' Compensation Court addressed Dr. Vande Veegaete's opinion in this regard, observing that Dr. Vande Veegaete did not identify any material change in Best's physical condition following his 1993 injury. Moreover, the court further noted that Dr. Vande Veegaete "confirmed that, in his opinion, [Best] has been unable to work since 1991" during his deposition.

Thus, review of Dr. Vande Veegaete's opinions alone, as expressed in numerous letters and during his deposition, illustrates the conflicting evidence regarding when Best became permanently totally disabled which was presented to and weighed by the Workers' Compensation Court. We will not substitute our judgment for that of the Workers' Compensation Court when the issue relates to the weight given to evidence. *Wilson*, 903 P.2d at 787 (citing *Burns*, 885 P.2d at 509). Moreover, our standard of review is not whether evidence supports findings different from those made by the Workers' Compensation Court, but whether substantial credible evidence supports the court's findings. *Wilson*, 903 P.2d at 788 (citing *Caekaert v. State*

*Compensation Mutual Ins. Fund* (1994), 268 Mont. 105, 110, 885 P.2d 495, 498).

 Best also argues on appeal that, since he was employed at Stockman's in 1992 and 1993, he clearly was not permanently totally disabled prior to his 1993 injury. Best testified that he did 60% to 90%, while his wife did 10% to 40%, of their work at Stockman's. However, Best's trial testimony was not the only evidence presented on this subject and the Workers' Compensation Court was entitled to consider inconsistent statements and other evidence which contradicted Best's testimony in determining his credibility. *See Nave v. State Compensation Mutual Ins. Fund* (1992), 254 Mont. 54, 59, 835 P.2d 706, 709.

In support of his social security disability claim, Best prepared letters for others to sign in which he represented that his wife did 90% to 95% of the work at Stockman's. Moreover, Best's attorney for that claim wrote a letter dated August 14, 1993, which stated in pertinent part:

[I]t is unequivocally clear that Mrs. Best did at least 95% or more of the work. From the evidence, about the only thing [Best] did was open up and then try to survive. He was at home more than he was at work.

....

*From the evidence, it is clear that [Best] was not able to work, and, in fact, did not work. Mrs. Best did the work for the Stockman's as between [Best] and Mrs. Best.*

(Emphasis added.)

 The Workers' Compensation Court found Best's testimony that he performed 60% to 90% of the work at Stockman's incredible. We will not substitute our judgment for that of the Workers' Compensation Court in matters of witness credibility. *Wilson*, 903 P.2d at 787 (citing *Burns*, 885 P.2d at 509).

We conclude that substantial credible evidence supports the Workers' Compensation Court's finding that Best has been permanently totally disabled and unable to perform even sedentary work since 1991.

Affirmed.

JUSTICES NELSON, ERDMANN, HUNT and TRIEWEILER concur.